IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS CAPITAL MANAGEMENT, LLC,
as successor-in-interest to CELEBRATION
POINTE CAPITAL, LLC,

    Plaintiffs,

v.                                                                           Case No.

PATRICIA A. SHIVELY, individually;
PATRICIA A. SHIVELY, as Trustee of the
Patricia Ann Shively Amended and Restated
Trust, a revocable inter vivos trust; and
SVEIN H. DYRKOLBOTN, individually;

    Defendants.
_____/

## COMPLAINT

SYNARTIS CAPITAL MANAGEMENT, LLC, as successor-in-interest to CELEBRATION POINTE CAPITAL, LLC ("**Plaintiff**"), by and through the undersigned counsel, files this Complaint against PATRICIA A. SHIVELY, individually; PATRICIA A. SHIVELY, as Trustee of the Patricia Ann Shively Amended and Restated Trust, a revocable inter vivos trust; and SVEIN H. DYRKOLBOTN, individually (each, a "**Defendant**" and collectively, the "**Defendants**"). The Plaintiff seeks to recover from the Defendants amounts due guaranty agreements made in connection with a promissory note. As its Complaint,

Plaintiffs allege as follows:

## GENERAL ALLEGATIONS

### The Parties and Diversity Citizenship

1. Plaintiff, Synartis Capital Management, LLC, is a Delaware limited liability company with its principal place of business in Georgia.

2. Synartis Capital Management, LLC has two members:

    a. Chris Johnston, who a citizen of Georgia.

    b. The Gordian Holdings Trust. Chris Johnston is the trustee of The Gordian Holdings Trust and is a citizen of Georgia.

3. Defendant Svein H. Dyrolbotn is a citizen of Florida.

4. Defendant Patricia A. Shively is a citizen of Florida.

5. Defendant Patricia A. Shively, as of the Patricia Ann Shively Amended and Restated Trust, a revocable inter vivos trust, is a citizen of Florida.

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties in interest are citizens of different states.

2. For diversity jurisdiction purposes, a limited liability company is considered a citizen of each state of which a member is a citizen.

3. As set forth above, the Plaintiff's citizenship is Georgia for diversity jurisdiction purposes. The Defendants' citizenship is Florida for diversity jurisdiction purposes.

4. Complete diversity exists between the Plaintiff and the Defendants.

5. This Court has personal jurisdiction over the Defendants because they are citizens of Florida for jurisdictional purposes. Additionally, the Defendants regularly operate, conduct, engage in, and carry on business ventures in Florida.

6. Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District. In addition, venue in this Court is appropriate as the Guaranty Agreements (defined below) expressly provide that the state and federal courts of Florida shall be the appropriate venue for any litigation arising under such agreements.

## **Loan Background**

7. The Defendants are equity holders of various real estate entities that comprise a mixed-use development in Gainesville, Florida called Celebration Pointe (the "**Development**").

4858-3191-3714, v. 3

8. Celebration Pointe Holdings, LLC ("**CPH**")[1] is a holding company that owns equity interests in different single purpose entities ("**SPEs**"), which in turn own different real estate projects within the Development.

9. Up until approximately June 20, 2022, Celebration Pointe Capital, LLC ("**CPC**"), was the owner of certain "Class E" shares and interest in CPH.

10. On June 20, 2022, a transaction occurred under which CPC's "Class E" interests in CPH were converted to a debt obligation of CPH (the "**Loan**").

11. As a result of that transaction, on June 20, 2022, CPH executed and delivered to CPC a Promissory Note in the original principal amount of $6,890,778.00 (the "**Note**"). A copy of the Promissory Note is attached as **Exhibit A** to this Complaint.

12. To secure repayment of the Note, Defendant Patricia A. Shively, individually ("**Shively**") and as Trustee of the as of the Patricia Ann Shively Amended and Restated Trust, a revocable inter vivos trust (the "**Shively Trust**") executed and delivered to Plaintiff a Guaranty Agreement (the "**Shively Guaranty**"), in which Shively, individually and on behalf of the Shively Trust

---

[1] On March 14, 2024, Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, and SHD-Celebration Pointe, LLC filed Chapter 11 bankruptcy petitions commencing Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Florida, Case Nos. 24-bk-10056-KKS, 24-bk-10057-KKS, and 24-bk-10058-KKS. The Plaintiffs are not seeking any relief in this case against Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, or any other entity that is currently in a bankruptcy proceeding. None of the Defendants are debtors in a bankruptcy case. Nothing in this action is intended or should be construed as intending to violate the automatic stay of those non-parties under 11 U.S.C. § 362.

agreed, among other things, to be liable to repay the CPH's obligations under the Note. A copy of the Shively Guaranty is attached as **Exhibit B** to the Complaint.

13. The Shively Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

14. To further secure repayment of the Note, Svein H. Dyrkolbotn ("**Dyrkolbotn**," and together with Shively and the Shively Trust, the "**Guarantors**") executed and delivered to Plaintiff a Guaranty Agreement (the "**Dyrkolbotn Guaranty**," and together with the Shively Guaranty, the "**Guaranty Agreements**"), in which Dyrkolbotn agreed, among other things, to be liable to repay CPH's obligations under the Note. A copy of the Dyrkolbotn Guaranty is attached as **Exhibit C** to the Complaint.

15. The Dyrkolbotn Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

16. All documentary stamps and/or intangible taxes due on the Loan have been paid in full.

17. On February 20, 2024, CPC assigned all of its right, title, and interest in the Loan, the Note, and the Guaranty Agreements to Plaintiff Synartis Capital Management, LLC.

18. Plaintiff is the owner of the Loan and holder of the Note, the Guaranty Agreements, and such other documents and instruments executed and delivered in connection with the Loan (collectively, the "**Loan Documents**").

19. Under the terms of the Note, the entire indebtedness owed under the Note and all accrued and unpaid interest, unpaid charges, fees, and expenses (collectively, the "**Maturity Date Payment Amounts**") became due and payable in full on June 20, 2024 (the "**Maturity Date**").

20. The obligations of the Guarantors under the Guaranty Agreements are joint and several.

### Defaults under the Loan

21. The Guarantors have failed to comply with all of the terms and obligations imposed upon them under the Loan Documents.

22. Neither Plaintiff nor CPC, its predecessor-in-interest, have received payment of any monthly installment of interest since March 1, 2024.

23. The Guarantors are in breach of the Guaranty Agreements.

24. Specifically, the Guarantors have failed to remedy defaults under the Note, including defaults resulting from, among other reasons:

    (a) failing to pay the April 1, 2024, May 1, 2024, and each subsequent monthly installments of interest as and when due under the Note (the "**Interest Payment Defaults**"), and

4858-3191-3714, v. 3

(b) failing to pay the Maturity Date Payment Amounts on or before the Maturity Date (the "**Maturity Date Payment Default**").

25. On July 3, 2024, the Plaintiff delivered a notice of default letter to the Guarantors listing the events of default (the "**Default Letter**").

26. The Default Letter advised the Guarantors that all sums due and owing under the Guaranty Agreements (the "**Guaranteed Obligations**") were immediately due and payable and made a demand on the Guarantors for payment of the Guaranteed Obligations on or before July 15, 2024.

27. To date, the Guarantors have not made any payments to the Plaintiff in response to the Default Letter.

28. The amount due and owing on the Loan as of September 30, 2024, was $9,217,564.04, consisting of $6,890,778.00 of principal and $2,326,786.04 of accrued and unpaid interest, but exclusive of all unpaid charges, fees, attorneys' fees, and expenses of Plaintiff under the Note.

29. Interest is accruing daily on the unpaid principal balance at the rate of $4,593.85 per day.

30. Pursuant to Section 6(d) of the Guaranty Agreements, the Guarantors are obligated to pay all of Plaintiff's costs of suit and all reasonable attorneys' fees incurred by the Plaintiff, including any such attorneys' fees and costs incurred by reason of the defaults under the Note and on account of any matter involving the

Guaranty Agreements, which includes Plaintiff's attorneys' fees and costs incurred in CPH's bankruptcy proceedings.

31. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred prior to and in connection with this action.

32. Plaintiff expressly reserves the right to pursue any and all additional rights and remedies permitted under the Loan Documents.

## COUNT I

### Breach of Guaranty Agreement

***(Against Patricia A. Shively, individually and as Trustee of the Patricia Ann Shively Amended and Restated Trust, a revocable inter vivos trust)***

33. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34. Defendant Shively executed the Shively Guaranty whereby Defendant Shively agreed, among other things, to be liable to repay the CPH's obligations under the Note.

35. Defendant the Shively Trust executed the Shively Guaranty whereby Defendant the Shively Trust agreed, among other things, to be liable to repay CPH's obligations under the Note.

36. Plaintiff currently holds and is entitled to enforce the Shively Guaranty.

4858-3191-3714, v. 3

37.   Defendants Shively and the Shively Trust are in breach of the Shively Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

38.   Defendants Shively and the Shively Trust have failed to make any payments to Plaintiff on account of the Shively Guaranty.

39.   Plaintiff has sustained damages as a result of Defendants Shively's and the Shively Trusts' breach of the Shively Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Patricia A. Shively and the Shively Trust, jointly and severally with all Defendants, for all amounts due and owing under the Shively Guaranty, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Shively Guaranty, and for any other relief the Court deems just and proper.

## COUNT II

### Breach of Guaranty Agreement
*Against Svein H. Dyrkolbotn*

40.   The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

41.   Defendant Dyrkolbotn executed the Dyrkolbotn Guaranty whereby Defendant Dyrkolbotn agreed, among other things, to be liable to repay CPH's obligations under the Note.

42. Plaintiff currently holds and is entitled to enforce the Dyrkolbotn Guaranty.

43. Defendant Dyrkolbotn is in breach of the Dyrkolbotn Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

44. Defendant Dyrkolbotn has failed to make any payments to Plaintiff on account of the Dyrkolbotn Guaranty.

45. Plaintiff has sustained damages as a result of Defendant Dyrkolbotn's breach of the Dyrkolbotn Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Svein H. Dyrkolbotn for all amounts due and owing under the Dyrkolbotn Guaranty, jointly and severally with all Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Dyrkolbotn Guaranty, and for any other relief the Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint upon completion of further investigation and discovery in order to assert any additional claims for relief against Defendant or other potential defendants as may be warranted under the circumstances and applicable law.

DATED: October 25, 2024

>	*/s/ Matthew B. Hale*
>	Matthew B. Hale (FBN 0110600)
>	**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
>	110 East Madison Street, Suite 200
>	Tampa, Florida 33602
>	(813) 229-0144
>	mhale@srbp.com
>	Attorney for Plaintiff